JEFF SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI MCPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone (702) 873-4100
Facsimile (702) 873-9966
Email: jsilvestri@mcdonaldcarano.com
       jmcpeak@mcdonaldcarano.com

*Attorneys for Plaintiff AEVOE CORP.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BODYGUARDZ LLC, a Utah corporation.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action for patent infringement arises from Defendant's infringement of Plaintiff Aevoe's U.S. Patent No. 8,044,942 ("the '942 Patent") relating to a touch screen protector for a hand-held electronic device. Aevoe seeks damages and injunctive relief.

## JURISDICTION AND VENUE

1.  The Court has subject matter jurisdiction over this action for infringement of a U.S. Patent under the provisions of 28 U.S.C. §§ 1331 and 1338(a).

2.  Aevoe believes, and therefore alleges, that defendant BodyGuardz LLC, has transacted business in this District, including by importing, shipping, selling, and/or offering to sell products (including at least the ScreenGuardz Pure for Samsung Galaxy S3 product) as described and claimed in the '942 Patent in this District and/or by conducting other business in this District sufficient to render it subject to personal jurisdiction in this District.

COMPLAINT AND DEMAND FOR JURY TRIAL

3. Venue is proper under 28 U.S.C. § 1400(b) because defendant BodyGuardz is a corporation subject to personal jurisdiction in this District and is therefore deemed to reside in this judicial district under 28 U.S.C. § 1391(c). Venue also is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District, and because this Court has presided over multiple other lawsuits involving the '942 Patent. *Aevoe Corp. v. AE Tech Co., et al.*, D. Nev. Case No. 2:12-cv-00053-GMN-NJK; *Aevoe Corp. v. Shenzhen Membrane Precise Electron Co. Ltd.*, D. Nev. Case No. 2:12-cv-00054-GMN –PAL; *Aevoe Corp. v. Media Devil, et al.*, D. Nev. Case No. 2:12-cv-00514-GMN-PAL; *Aevoe Corp. v. Fellowes, Inc.*, D. Nev. Case No. 2:13-cv-00037-GMN-VCF; *Aevoe Corp. v. Case-Mate, Inc., et al.*, D. Nev. Case No. 2:13-cv-01477-GMN-NJK.

## PARTIES

4. Plaintiff Aevoe Corp. is a California corporation with its principal place of business in San Francisco, California.

5. Aevoe believes, and therefore alleges, that BodyGuardz is a Utah corporation with its principal place of business at 775 W. Concorde Park Dr., Bluffdale, Utah 84065.

6. Aevoe believes, and therefore alleges, that BodyGuardz products are sold by third-party retailers throughout the United States, including in Nevada.

7. Aevoe believes, and therefore alleges, that BodyGuardz conducts substantial business within this District, including without limitation by selling, offering to sell, importing, and/or shipping infringing products to this District.

## THE '942 PATENT

8. The United States Patent Office issued the '942 Patent, entitled "Touch Screen Protector," to Michael Leonhard, Jonathan Lin, and Steven Huang (the "Inventors") on October 25, 2011. Exhibit A is a true and correct copy of the '942 Patent.

9. The Inventors assigned the '942 Patent to Aevoe.

10. Aevoe markets and sells products embodying the '942 Patent throughout the United States.

11. Defendant BodyGuardz makes, markets, sells, and/or offers to sell products, including at least a touch-screen protector product using the name "ScreenGuardz Pure." At least one of these products, the ScreenGuardz Pure for Samsung Galaxy S3, infringes the '942 Patent.

12. The infringing ScreenGuardz Pure product is sold throughout the United States and it has been ordered in and shipped to this District.

13. This Court has held the '942 Patent to be valid and infringed, and as a consequence has issued a permanent injunction barring sales of infringing products. *Aevoe Corp. v. Shenzhen Membrane Precise Electron Co. Ltd.*, D. Nev. Case No. 2:12-cv-00054-GMN-PAL, Dkt. No. 75; *Aevoe Corp. v. Media Devil et al.*, D. Nev. Case No. 2:12-cv-00514-GMN-PAL, Dkt. No. 23. This Court also has construed the claims of the '942 Patent. *Aevoe Corp. v. AE Tech Co. et al.*, D. Nev. Case No. 2:12-cv-00053-GMN-NJK, Dkt. No. 287.

## COUNT I:
## DEFENDANT BODYGUARDZ'S INFRINGEMENT OF THE '942 PATENT

14. Aevoe incorporates paragraphs 1-13 by reference.

15. Defendant BodyGuardz has directly infringed and continues to infringe the '942 Patent by making, importing, offering to sell, selling and/or using (directly or through intermediaries) touch screen protection products, including but not limited to the ScreenGuardz Pure product line, embodying one or more claims of the '942 Patent in the United States. 35 U.S.C. § 271.

16. The infringing ScreenGuardz Pure product has a front face that includes a touch screen portion and an outer perimeter; a plastic film having a transparent window and a spacer along the outer perimeter that spaces the plastic film near but not in contact with the touch screen; and an exposed adhesive for removably mounting the protector to form an enclosed air space between the transparent window of the plastic film, the spacer, and the device's touch screen, as those terms have previously been construed by this Court in *Aevoe Corp. v. AE Tech Co. et al.*, D. Nev. Case No. 2:12-cv-00053-GMN-NJK, Dkt. No. 287. BodyGuardz's manufacture, importation, sales, offers for sale and/or use of the infringing product are acts of direct infringement.

17. Aevoe believes, and therefore alleges, that BodyGuardz's infringement of the '942 Patent will continue unless permanently enjoined.

18. Aevoe has suffered and will continue to suffer irreparable harm from BodyGuardz's infringement of the '942 Patent, including by injury to its business results, prospects, goodwill and market presence and through the erosion of Aevoe's statutory right to exclude others from practicing the claimed invention.

19. Aevoe has suffered and will continue to suffer monetary damages from BodyGuardz's infringement of the '942 Patent.

20. As a consequence of BodyGuardz's infringement, Aevoe is entitled to relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Aevoe prays that the Court enter judgment as follows:

A. Holding that defendant BodyGuardz has infringed claims of the '942 Patent, literally and/or under the doctrine of equivalents;

B. Preliminarily and permanently enjoining defendant BodyGuardz and its agents, servants, officers, directors, employees and all persons in active concert or participation with it, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '942 Patent;

C. Ordering defendant BodyGuardz to account for and pay to Aevoe the damages to which Aevoe is entitled as a consequence of BodyGuardz's infringement of the '942 Patent, in an amount to be determined at trial;

D. Awarding Aevoe prejudgment interest and post-judgment interest on any damages awarded by reason of defendant BodyGuardz infringement of the '942 Patent;

E. Awarding Aevoe its costs incurred in bringing and maintaining this action, including reasonable attorney fees;

F. Awarding such other and further relief as this Court may deem just, proper and equitable.

## DEMAND FOR JURY TRIAL

Aevoe demands trial by jury of all issues triable by a jury.

RESPECTFULLY SUBMITTED this 20th day of November, 2013.

McDONALD CARANO WILSON LLP

By: *[signature]*
JEFFREY A. SILVESTRI (#5779)
JOSEPHINE BINETTI McPEAK (#7994)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

*Attorneys for Plaintiff AEVOE CORP.*

292168